Argued February 17, remanded with instructions March 25, 1971

DOUGHERTY, *Appellant, v.* DOUGHERTY,
*Respondent.*

482 P2d 762

*Agnes M. Petersen*, St. Helens, argued the cause for appellant. On the brief were Van Natta & Petersen, St. Helens.

*David O. Bennett*, St. Helens, argued the cause for respondent. On the brief were Bennett, Vagt, Olsen, St. Helens.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

This appeal is from an order denying a change of a split-custody arrangement for two children.

Nothing in the official record purports to allege or reveal the age of the children. In the transcript of the custody hearing held on June 5, 1970, the children were described in a doctor's testimony as being "four and five."

The original divorce decree dated July 29, 1968, provided that the custody of the children should be with their maternal grandparents from September through May, and the father would have their custody June through August of each year. The children's mother has not cared for and has, to all intents and purposes, abandoned them.

After a custody hearing on September 11, 1969, the court turned the custody arrangement around so that the children's father, who had now remarried, would have them September through May and the grandparents would have them June through August. In May of 1970, the father moved for termination of the split-custody arrangement, and for full custody in himself. After hearing, the trial court denied the motion, but, in his remarks from the bench before rendering his decision, the court said that the summer of 1970 would be the last in which three-month custody would be with the maternal grandparents. He said that for the following summer (1971), the children would reside full-time with the father and the stepmother. He also advised that they would do well to decide among themselves a period for 1971 when the children could vacation with the grandparents.

We see little reason for this appeal. The contending parties could easily have settled their differ-

ences, but they appear to have become lost in their conflict.

The effect of the trial court's findings after the last motion was that a change of circumstances had occurred. With this we agree. We also agree that full custody should be with the father, and that the grandparents should have reasonable visitations. From the statements of counsel at oral argument, it appears the contending parties do not disagree with these major findings. All they need is a definitive decision.

The decree of the trial court shall be modified to provide: (1) That full custody shall be with the father; (2) If the maternal grandparents and the father of the children cannot arrive at a written agreement for annual two-week vacations for the children with their grandparents by July 1 each year, starting in 1971, such a two-week vacation period shall commence at 9:00 a.m. on Monday of the first full week in August and continue through Sunday at 6:00 p.m. of the third full week in August; (3) In all months except August and December, the grandparents shall be entitled to have the children for visitation on the second full weekend of the month, commencing at 9:00 a.m. Saturday and ending at 6:00 p.m. Sunday. In December the grandparents shall have the children for visitation from 6:00 p.m. December 25 until 6:00 p.m. December 28.

Remanded for entry of an order in accordance with this opinion. Costs to neither party.